### 24645. Taylor v. The State.

Broyles, C. J. 1. Exception is taken to the following excerpt from the charge of the court: "The defendant in this case, as in all criminal cases, is allowed to make to the court and jury just such statement in his own behalf as he sees fit and proper. His statement is not under oath, it is not subject to cross-examination; neither is the defendant's statement brought out by the examination of his counsel, and you are authorized to give the statement just such weight and credit only as you think the statement is entitled to receive. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case should you see fit to do so." The exceptions to this part of the charge are as follows: "(a) Because, while said charge stated a correct proposition of law so far as it went, yet it was error for the court to give said charge without going further in said charge and stating that the jury had the right to believe the statement of the defendant in preference to the sworn testimony in the case and acquit the defendant on such statement. (b) That the omission of the phrase 'and acquit the defendant on such statement' was harmful error, in that the charge so given omitting such phrase might have left the inference on the jury that while they might believe the defendant's statement they would yet not be authorized to acquit the defendant on such statement." The charge is substantially in the language of the statute, now embodied in the Code of 1933, § 38-415, and is not erroneous for either reason assigned.

2. The accused was convicted of possessing whisky, and the verdict was amply authorized by the evidence, the circumstantial evidence (strongly indicating the guilt of the defendant) being supported by evidence of a free and voluntary admission by the defendant that a portion of the whisky found by the officers near his residence was his whisky.

3. Under the foregoing rulings the refusal to grant a new trial was not error. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided April 3, 1935.

*J. J. Courson, I. H. Corbitt,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.